Good morning, Mr. Brandt. This is the case of the United States against Daniel Haslam. Yes, good morning. May I please court Jeff Brandt for Mr. Haslam? Excuse me. Either the government made a promise not to make claims that Mr. Haslam engaged in the assault or battery or confinement of Lacey Sample, or it didn't. Either way, the record contains sufficient evidence that Haslam believed that the government had made that promise, that it was fulfillable, and that he had entered that plea agreement, therefore, as a result of an involuntary, unknowing, and unintelligent decision. So I have two questions for you about this, Mr. Brandt. One of them is, when you say made claims, government doesn't rely on anything with Sample with respect to the conviction side of things, the factual basis for the plea. It's all sentencing-related material. So I would like you to address that first. And secondly, I am baffled that Mr. Haslam wants to withdraw this plea, because if he goes back to square one, I don't see why the government couldn't add 924C into things. It's hard for me to see how this is anything but damaging. Well, if I can address that one first. My office has dealt with that over the course of months, including requesting personal visits and eventually getting a letter in the mail from Mr. Haslam in the file, outlining back to me what many letters, long letters, have expressed to him and the consequences. And he has said he believes that he can beat count three, and he can beat a 924C, and that he would like to get back to the bargaining table if not trial. So I understand Your Honor's concern. I have addressed that to the point that we made alternative suggestions on what should be on appeal. Yeah, I mean, it's as much an observation as a concern. And I understand if that's what your client wishes, then that's what you need to do. But it is something that's pretty notable on the face of things. So what about the fact, though, that district courts can look at a wide variety of things in sentencing? And it's hard for me to see how the government was breaching anything by bringing in facts about sentencing. We are putting before the court an argument that there's clear error there, and we've put our best argument forward there. I fully expect this court to say there's no clear error. But I also put that argument in there because I think it establishes factually how much Mr. Haslam truly believed that that promise had been made. His behavior and the behavior of his attorney from plea hearing on demonstrate they had a genuine belief that either the attorney misunderstood or was mis-explaining it, or otherwise convinced Mr. Haslam that, yes, now that we've agreed not to plead guilty to count three, and now that the government has taken statements about Ms. Sample out of the plea agreement itself, you don't have to worry about that anymore. That part of this case is done. Except the district court's finding to the contrary is also subject to clear error review. I understand. And it's based on the same set of proofs. The facts, I agree. He admitted everything, right? I mean, he admitted that extrinsic evidence and so forth. I mean, he didn't just rely on the four corners of the plea agreement. You mean the judge? The judge, right. He was judge, not him. Mr. Haslam, yes. That's true. And the facts are almost the exact same for both the underlying facts are. But what the factual finding to be made is whether Mr. Haslam truly understood the consequences, if he believed that there was a promise being made. But the district court, there are two findings of the district court that he has to get over. One of them is that there's no breach of the plea agreement, and the other, which the district court makes relying on the representations from the Rule 11 colloquy, is that Mr. Haslam did, in fact, enter the plea voluntarily and knowingly in all the ways that you're supposed to enter pleas. Once you get past those two hurdles, unless there were clear error in either one of those findings, then we have the appeal waiver to deal with, right? Well, I can address those in any order. The appeal waiver, I think the case law is clear and on our side, that because he's challenging the agreement itself, the appeal waiver rises or falls with the entire agreement, and therefore puts it outside of the appeal waiver. I think our best case there is the Saqqelaran or Saqqeliran, if I'm mispronouncing that. Also, the Hallahan case, although that goes against us, it goes against us in the same way it would go forward for us in this case. And the person who breached the agreement wasn't able to enforce another part of the agreement. In that case, it was the defendant. In this case, it's the government. If this court finds the government breaches, therefore, the appeal waiver wouldn't be valid. The government's only raised that challenge with the appeal waiver as the breach argument, not the involuntary or unknowing entry of the plea agreement and the guilty plea. But it seems to me you would be getting as much as you have coming to you or your client, obviously. If this court reviews the district court's breach finding, the Saqqeliran case seems to address that. If a district court rejects the allegation that there's been breach, you can't then turn around and appeal. And if this court considers and makes a ruling on the voluntariness argument, at that point, if you lose on both of those, what you have left is a valid plea agreement with an appeal waiver. So there's some prerequisites to enforcing the waiver, perhaps, but you don't dig in further to the agreement. I can't disagree with that analysis on progressively what happens on those rulings. I do believe that if the court finds that the two separate findings from the court that I see is whether there was that promise actually made, and if not, there's no breach. But if that promise wasn't actually made, that determination does not necessarily mean that Haslam did not believe that that promise was made, as was standing there during the Rule 11 colloquy in answering what- But if you're arguing that purely a subjective belief on somebody's part is enough to undermine the validity of a plea agreement, that would be a pretty radical position to take. I think we have cited case law that establishes you have to know the nature and consequences of your guilty plea. And if we remove ourselves a little bit and give a hypothetical where there's a defendant standing there believing that a bunch of relevant conduct can't come in against him to set a- What do you mean by know the consequences? Wouldn't everybody know the consequence was to put an appeal? Well, I mean the details of the consequences. The whole reason a district court judge goes through the final decision is mine, and here's how the guidelines work. The same reason that so many things are in Rule 11 to go through. That kind of nature and consequences. What does it mean when you plead guilty? What happens next? How does the guideline range work? If you just sign an appeal waiver, you say the judge tells you, that means that this is the end of the road, and if you don't like my decision, you're stuck with it. I get that. Anyone can understand that. Yes, Judge Posner, but there we're arguing that the argument being made before your honors comes outside of that appeal waiver because it's challenging the conviction itself, not the sentence. Now I would reserve any remaining rebuttal time. That's fine. Thank you. Mr. Whalen. Thank you. Your honors, may it please the court, my name is Nathaniel Whalen. I'm here on behalf of the United States. I guess I'd just like to jump into whether the knowing involuntary argument, because that seems to be the one that counsel is stressing here. The only evidence in this case about Mr. Haslam's beliefs, the only admissible evidence is his statement during the Rule 11 colloquy. The district court judge asked, have there been any promises made outside of the plea agreement? He said no. He said that twice when he signed the plea agreement as well. Now he's saying, well, there was another promise. He's saying that this was the most important promise to him, but he didn't bring it up during the colloquy. This court's said time and again that a district court can reject out of hand any argument that requires finding the defendant lie during his colloquy. So his argument, though, is that at the time he's having this conversation with a judge, there isn't anything in the plea agreement about sample, so he doesn't have any reason to think that there's a problem. It doesn't come up until the pre-sentence report. That is his argument now. It's not one he made in front of the district court, and it's not supported by the record. That wasn't the question the district judge asked him. The district judge said, are there any promises? Are there any unfulfilled promises? If Mr. Haslam, as I said, truly believed this was the linchpin, this was the promise that got him to get into this plea agreement, it would have been at the forefront of his mind, and he would have brought it up during the colloquy. So you think he should have said, I'm happy to see that this plea agreement doesn't mention Lacey's sample? I think he should have. It seems like a pointless thing to say. No, I think what he should have said, Your Honor, is we reached an agreement in negotiating the plea that there was going to be no evidence submitted about Miss Sample. At that point, the magistrate judge can take that into account. Part of the reason the magistrate judge asked this question is so the magistrate can know what the terms of the agreement are, and so the magistrate can rule on the terms of the agreement. Even assuming that Mr. Haslam, that was his thought process at that point, that it was an already fulfilled promise and so he didn't have to bring it up. There's just no evidence that he took any acts after that. He cited a case, Diaz-Gimenez, where as soon as the government introduced evidence he thought was in breach of the agreement, the defendant objected. We've cited a case, Schilling, where as soon as the defendant believed the government breached, he filed a motion limine saying you can't bring that in. In this case, we have the factual basis being sent to counsel and probation on September 19th, and then it's radio silence until November 5th. And that's actually when Mr. Haslam first weighs in on anything related to sentencing. There's a letter in Appendix 7 in his brief where Mr. Haslam says, well, it's clear that the government's going to bring this in. It is what it is. Here's the evidence I need to refute it. He doesn't say there was a promise. He doesn't say there was a breach. He doesn't say, hey, you've got to raise this, attorney. You've got to bring this up in front of the court. What he says is, all right, here's the evidence I need to refute it. Let me ask you this question. The interesting issue to me posed by this case is under what circumstances when somebody is trying to say essentially that a proper contract was never formed, the contract being the plea agreement. Because the appeal waiver is part of the plea agreement. When do we have situations where we can entertain that? Now, I can suggest a couple. Sometimes you'll see a claim of ineffective assistance of counsel in the creation of the plea agreement. If it goes to the whole thing, we've said a court, those are usually 2255s, but a court can look at that. Another argument is if it was very clearly involuntary. Maybe the person was under the influence of drugs or mentally incapable or something. There was something to make it. And then the appeal waiver falls with the rest of the agreement. So what else is on that list, if anything? He's saying this is on that list. Well, Your Honor, we didn't enforce the appeal waiver as it relates to the knowing argument for a couple reasons. First, we thought that he was raising ineffective assistance of counsel claim. Right now he's just claimed it. We also didn't enforce it kind of on the alternate grounds that he didn't knowingly enter into it because we believe that does go to the formation of the agreement, and the appeal waiver wouldn't bar that. We're arguing it should be enforced as the breach of plea agreement because he had a full hearing in front of the district court. The district court heard evidence, took in evidence, heard arguments, and issued what we believe is a well-reasoned opinion on the matter. And is your theory that the breach argument is really premised on the fact that there is an agreement? You don't have a breach if there's no agreement, I assume. That's correct, Your Honor. The district court found there was an agreement. The district court found there was no promise that Mr. Haslam alleged. And from what I hear, it sounds like he's not really expecting this court to overrule that finding as clear error. But what this court has said is in terms of a mere allegation of breach of plea agreement isn't enough to get around the waiver. And I think that especially holds true in cases like Whitlow where the district court issued an opinion. Was he told that the judge could make findings in the sentencing proceeding? He was told that the judge could take additional factors into account in sentencing. He was told if he had any objections to the PSR, any concerns about it, he could raise it with probation. He could raise it with the court. He was told that any representations as to sentencing are just the attorney's best guess. The judge ultimately will be the one who decides this. Wasn't there something about the sentence being a minimum of 15 years? So to that extent, a subpart C sentence? That's correct, Judge. And the magistrate judge went through that clause pretty carefully with him because it's a somewhat atypical clause. And the magistrate judge wanted to make sure that both attorneys agreed with what the magistrate said as to that. So I guess you're right, Your Honor. To that extent, the magistrate said if we do accept this plea agreement, we're bound by this minimum 15 years. And as with every other question during the plea colloquy, Mr. Haslam said he understood. So but under this, it is a little bit unusual because usually the 11 C1Cs are, you know, we've all agreed that the sentence is going to be X and the district judge either says that's okay with me or says no. But this is just an agreement on the minimum. So he's told by the magistrate judge that it could go far in excess of that. That's correct, Your Honor. If there are no further questions, we ask that this court affirm and find the district court did not abuse its discretion. Thank you. Thank you. You have a few more minutes, Mr. Brandt. I'm not sure. Two minutes. Your Honors, this is exactly the argument that was before the district court when he made the argument about wanting to withdraw the plea. It was unknowing and unintelligently given. And although it took him months to move to withdraw on that fact, that fact had been said over and over and over again in the preceding weeks because he's stating those facts in support of trying to get specific performance. Why argue breach if you can get specific performance? And that was what he was seeking only when he got to the point where he realized I'm not going to win specific performance. I'm not going to get this judge to agree that that promise isn't a part of my deal. I have to move to withdraw. I thought those initial communications were about contesting as a factual matter the sample allegations, the allegations of confinement and beating, rather than contesting whether it was proper to even consider them in the first place under the scope of the plea agreement. At the oral argument in March of 2014, both Haslam and his attorney talk about how they reacted immediately after getting the government's memorandum that same day of the plea hearing. And both of them are talking about how they were blown away that we just negotiated, negotiated is the word used, negotiated with the government to have that stuff excluded and immediately the government writes a memorandum to probation saying look at all this other stuff. How did they react on paper? There were emails between, and this is part of the record, there were emails between the attorney and the assistant U.S. attorney on the case talking about why did you do that? Why is this stuff back in there? So I think the record supports it. Thank you for your time. Okay, thank you very much Mr. Brandt. Thanks as well to the government. We'll take the case under advisement and the court will be in recess.